UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SOUTHERN TIER BUILDING TRADES WELFARE PLAN through PETER AUSTIN, EDWARD GIARDINI, RICHARD JOSLYN, and BRADLEY WALTERS, as Trustees, and

LUBETH GREENE, as Fund Administrator of the LABORERS NATIONAL PENSION FUND, and

LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 621,

                                              Plaintiffs,

vs.

CERTIFIED SAFETY PRODUCTS OF NY, INC.,

                                              Defendant.

**COMPLAINT**

**Civil Action No. _____**

---

Plaintiffs, Peter Austin, Edward Giardini, Richard Joslyn, and Bradley Walters, as Trustees of, and on behalf of, the Southern Tier Building Trades Welfare Plan, Lubeth Greene, as Fund Administrator of, and on behalf of, the Laborers National Pension Fund, and Laborers International Union of North America, Local Union No. 621, by and through their attorneys, Boylan Code LLP, for their Complaint against Defendant, Certified Safety Products, Inc., allege as follows:

**GENERAL BACKGROUND**

1.     This is an action brought under the Employee Retirement Income Security Act ("ERISA"), 29 USC §1001, *et seq.*, and the Labor Management Relations Act ("LMRA"), 29 USC §141, *et seq.*, to recover delinquent employee benefit contributions and other amounts owed by Defendant under the terms of a collective bargaining agreement.

**PARTIES**

2. The Southern Tier Building Trades Welfare Plan (the "Welfare Plan") is an "employee benefit plan," within the meaning of 29 USC §1002(3), and a "multiemployer benefit plan" within the meaning of 29 USC §1002(37)(A). The Welfare Plan is an entity authorized to sue in its own name pursuant to 29 USC §1132(d). The Welfare Plan was established to provide health and other welfare benefits for employees covered by collective bargaining agreements with specified local unions. Its principal place of business is 202 W. Fourth Street, Jamestown, New York 14701.

3. Peter Austin, Edward Giardini, Richard Joslyn, and Bradley Walters are the Trustees of the Welfare Plan and are authorized to act on behalf of the Welfare Plan.

4. The Laborers National Pension Fund (the "Pension Fund") is also an "employee benefit plan" within the meaning of 29 USC §1002(3), and a "multiemployer benefit plan" within the meaning of 29 USC §1002(37)(A). The Pension Fund is an entity authorized to sue in its own name pursuant to 29 USC §1132(d). The Pension Fund was established to provide retirement benefits for employees covered by collective bargaining agreements with local unions affiliated with the Laborers International Union of North America. Its principal place of business is 14140 Midway Road, Suite 105, Dallas, Texas 75244.

5. LuBeth Greene is the Fund Administrator of the Pension Fund, and, as such, is a fiduciary of the Pension Fund, and is authorized to act on behalf of the Pension Fund.

6. Laborers International Union of North America, Local Union No. 621 ("Local 621") is a "labor organization" within the meaning of 29 USC §152 and represents employees in an industry affecting commerce. Its principal place of business is 1521 North Union Street, Olean, New York 14760.

7. Upon information and belief, Defendant is a domestic corporation with a principal place of business at 807 State Route 417, Andover, New York 14806.

8. Upon further information and belief, Defendant is an "employer" engaged in "commerce," as those terms are defined in 29 USC §152.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 USC §1331, 29 USC §185(a), 29 USC §1132(e), 29 USC §1132(f) and 29 USC §1132(g).

10. Venue is proper in the Western District of New York because the Welfare Plan maintains its principal place of business in the Western District of New York, the Welfare Plan is administered in the Western District of New York, Local 621 maintains its principal office in the Western District of New York, and Local 621 officers or agents are engaged in representing the individuals covered by the collective bargaining agreement at issue in this case in the Western District of New York.

## FACTS

11. In 2002, Local 621 and the Labor Relations Division Western New York Region Associated General Contractors of America, New York State Chapter, Inc. entered into a collective bargaining agreement (the "Agreement").

12. In August 2003, Defendant entered into a separate written instrument in which it agreed to be bound by each and all of the terms, conditions and provisions of the Agreement as an individual employer.

13. Article XXVIII of the Agreement states that it shall remain in full force and effect from April 1, 2012 to March 31, 2008, and during each calendar year thereafter, unless on or before the 30th day of January 2008 or any year thereafter, written notice of change to the Agreement is served by either party upon the other party. The Agreement has remained in full force and effect, and Defendant has been bound by the Agreement, at all times relevant to this action.

14.     The Agreement imposes obligations upon Defendant with respect to Defendant's employment of persons covered by the Agreement.

15.     For those months in which Defendant employs persons covered by the Agreement, the Agreement requires the Defendant to pay monies to the Welfare Plan and to the Pension Plan based on the number of hours worked for Defendant by those persons.

16.     The Agreement also requires Defendant to submit monthly reports to the Welfare Plan and Pension Plan identifying persons employed by Defendant during the month and covered by the Agreement.  These reports are also used to calculate monies owed by Defendant under the Agreement.

17.     Under the Agreement, the report and monies due the Welfare Plan and Pension Plan for hours worked for Defendant in each calendar month by employees covered by the Agreement are due in the Welfare Plan Office and the Pension Plan Office, respectively, by the fifteenth day of the following calendar month.

18.     Some of the monies due the Welfare Plan under the Agreement are employee benefit plan contributions required under ERISA (such monies are hereinafter referred to as "ERISA Contributions").  A portion of these ERISA Contributions is payable to provide benefits under the Welfare Plan.  The remainder of the ERISA Contributions due under the Agreement is collected by the Welfare Plan as agent for one or more other "multiemployer benefit plans" within the meaning of 29 USC §1002(37)(A).  By written agreement, these other multiemployer benefit plans have authorized the Welfare Plan to act as agent for the collection of ERISA Contributions due them under the Agreement.

19.     Under the Welfare Plan's Collection Procedure, an employer is charged interest at the rate of one-half percent (½%) on ERISA Contributions owed by an employer for each month the ERISA Contributions are delinquent.

20.     Under the Pension Fund's Summary of Delinquent Control Program, if an

employer's ERISA Contributions are not received when due, the employer is charged interest on the ERISA Contributions at the rate established by the local welfare fund with which the Pension Fund is cooperating to collect the delinquent ERISA Contributions, which in the case is the Welfare Plan.

21. The Welfare Plan and Pension conducted an audit of Defendant's records to identify persons covered by the Agreement and employed by Defendant during the period beginning January 1, 2007 and ending July 31, 2013 (the "Audited Period"), and the number of hours they worked for Defendant during the Audited Period.

22. The audit disclosed that Defendant failed to report, or under-reported, to the Plan hours worked for Defendant during the Audited Period by employees covered by the Agreement, and, therefore, owed the Plan a total of $32,046.80.

23. In addition to ERISA Contributions owed to the Welfare Plan, the audit disclosed that Defendant owed the Welfare Plan, as agent for Local 621, other monies totaling $7,704.50 for hours worked for Defendant during the Audited Period by employees covered by the Agreement and which Defendant failed to report, or under-reported to the Welfare Plan (these monies are hereinafter referred to as "LMRA Monies").

24. The audit also disclosed that Defendant failed to report, or under-reported, to the Pension Fund hours worked for Defendant during the Audited Period by employees covered by the Agreement, and, therefore, owed the Pension Fund a total of $19,425.02, all of which were ERISA Contributions.

25. After demanding payment of the amounts owed, on or about November 18, 2013, the Welfare Plan received a check from Defendant in the amount of $25,711.35, as payment toward the delinquent ERISA Contributions and LMRA Moneys. From that payment, the sum of $19,417.44 has been applied toward ERISA Contributions owed to the Welfare Plan, and the sum of $6,293.91 has been applied toward LMRA Moneys. There remains an unpaid balance

32. Under 29 USC §1132(g)(2(D) and under the Agreement, the Welfare Plan is entitled to its reasonable attorneys' fees and the costs of this action.

## SECOND CAUSE OF ACTION

33. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34. Defendant's failure to pay to the Pension Fund ERISA Contributions for all hours worked for Defendant during the Audited Period by employees covered by the Agreement constitutes a breach of the Agreement and a violation of 29 USC §1145.

35. As a result of Defendant's breach of the Agreement and violation of 29 USC §1145, the Pension Fund is entitled, under 29 USC §1132(g)(2)(A) and 29 USC §1132(g)(2)(B), to ERISA Contributions due and owing the Pension Plan, plus interest on ERISA contributions that have not been paid, or were not timely paid, to the Pension Plan.

36. Under 29 USC §1132(g)(2)(C), the Pension Fund is also entitled to liquidated damages in an amount equal to the amount of interest on such ERISA Contributions.

37. Under 29 USC §1132(g)(2)(D) and under the Agreement, the Welfare Plan is entitled to its reasonable attorneys' fees and the costs of this action.

## THIRD CAUSE OF ACTION

38. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39. Defendant's failure to pay LMRA Monies for hours worked for Defendant during the Audited Period by employees covered by the Agreement constitutes a breach of the Agreement.

40. As a result of Defendant's breach of the Agreement, Local 621 is entitled to such unpaid LMRA Monies.

**WHEREFORE**, Plaintiffs respectfully request an Order providing the following relief:

- A. On the First Cause of Action, requiring Defendant to pay to the Welfare Plan:
    1. $12,629.36 for the remaining ERISA Contributions owed by Defendant to the Welfare Plan under the Agreement, pursuant to 29 USC §1132(g)(2)(A);
    2. interest on ERISA Contributions that Defendant has not paid, or did not timely pay, to the Welfare Plan, pursuant to 29 USC §1132(g)(2)(B);
    3. liquidated damages, pursuant to 29 USC §1132(g)(2)(C), in an amount equal to the amount of interest owed on such ERISA Contributions; and
    4. the Welfare Plan's reasonable attorneys' fees and costs of this action, pursuant to 29 USC §1132(g)(2)(D).
- B. On the Second Cause of Action, requiring Defendant to pay to the Pension Fund:
    1. $7,637.75 for the remaining ERISA Contributions owed by Defendant to the Pension Plan under the Agreement, pursuant to 29 USC §1132(g)(2)(A);
    2. interest on ERISA Contributions that Defendant has not paid, or did not timely pay, to the Pension Plan, pursuant to 29 USC §1132(g)(2)(B);
    3. liquidated damages, pursuant to 29 USC §1132(g)(2)(C), in an amount equal to the amount of interest owed on such ERISA Contributions; and
    4. the Pension Plan's reasonable attorneys' fees and costs of this action, pursuant to 29 USC §1132(g)(2)(D).
- C. On the Third Cause of Action, requiring Defendant to pay to the Welfare Plan, as agent for Local 621, $1,410.59 for the remaining LMRA Monies owed by Defendant; and

D.  On all Causes of Action, such other legal or equitable relief as the Court deems appropriate, pursuant to pursuant to 29 USC §1132(g)(2)(E).

Dated: August 28, 2014

**BOYLAN CODE LLP**
Attorneys for Plaintiffs

By: _____
Mark A. Costello, Esq.
Culver Road Armory
145 Culver Road, Suite 100
Rochester, New York 14620